**UNITED STATES of America,
Plaintiff,**

v.

**Raymond N. SPENCE, Lila M. Spence, Gary Wayne Spence, Vicki L. Spence, First Nationwide Mortgage Corporation, State of New Mexico Department of Taxation and Revenue, Defendants.**

**No. CV–98–757–JP/DJS.**

United States District Court,
D. New Mexico.

Aug. 12, 1999.

Ralph Shilling, Jr., Dallas, TX, for U.S.

Ronald Grenko, Albuquerque, NM, for Gary W. Spence, Vicki L. Spence.

Raymond N. Spence, Lila M. Spence, pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

PARKER, District Judge.

The parties presented their evidence at a non-jury trial on July 19, 1999. At trial, defendants objected to the admission into evidence of plaintiff's exhibits 2a, 2b and 2c—photocopies of official public records of San Juan County, New Mexico—on the ground that they lacked authenticity. I gave plaintiff until July 23, 1999 to submit properly certified, authenticated copies of exhibits 2a, 2b and 2c. Plaintiff timely submitted certified copies of exhibits 2a, 2b and 2c, properly certified in accordance with Federal Rule of Evidence 902(1) and 902(4); and I have admitted exhibits 2a, 2b and 2c into evidence and, in addition, have taken judicial notice of the content of exhibits 2a, 2b and 2c which are properly recorded official public records of San Juan County, New Mexico. Having considered the evidence, I now make the following findings of fact and conclusions of law under Fed.R.Civ.P. 52(a).

### *Findings of Fact*

1. On June 23, 1998, Plaintiff United States of America filed this action under 26 U.S.C. §§ 7401 and 7403 to reduce outstanding federal tax assessments against Defendants Raymond N. Spence and Lila M. Spence to judgment.

2. Plaintiff was authorized to bring this suit pursuant to 26 U.S.C. § 7401 as evidenced by the unchallenged affidavit of Denise G. Dengler, Assistant United States Attorney, Department of Justice, and a redacted copy of the letter from the Albuquerque District Counsel to the Department of Justice which directs the Tax Division to take the necessary steps to institute legal proceedings in this case.

3. Defendants Raymond N. Spence and Lila M. Spence, husband and wife, reside at 2617 Mesa Drive, Farmington, New Mexico 87401.

4. Defendant Gary Wayne Spence, son of Defendants Raymond and Lila Spence, resides at 108 Whitley Drive, Warner Robbins, Georgia with his wife, Defendant Vicki L. Spence.

5. Defendant State of New Mexico, Department of Taxation and Revenue, has disclaimed any and all of its interests in this matter.

6. Defendant First Nationwide Mortgage Corporation, as the successor in interest to Four Corners Savings & Loan Association, currently holds a mortgage on the "Sullivan" property which was recorded on March 15, 1979 at the San Juan County Clerk's Office in New Mexico at Book 850, Page 28.

7. Plaintiff requests the Court to satisfy its judgment against Defendants Raymond and Lila Spence by: (1) setting aside fraudulent conveyances of certain real properties; (2) foreclosing federal tax liens against certain real properties; (3) obtaining a sale of such properties; and, (4) obtaining a judgment for any amount remaining unpaid after the distribution of the proceeds generated by the sale of the subject real properties. Plaintiff seeks satisfaction of its judgment through the foreclosure sale of three parcels of real property.

8. The first parcel of real property subject to this civil action is located at 2617 Mesa Drive, Farmington, New Mexico (hereafter "the Mesa property"). The Mesa property is more particularly described as follows:

> Lot Thirteen (13) and the north five (5) feet of Lot Twelve (12) in Block Six (6) of SUNSET HEIGHTS SUBDIVISION NUMBER TWO in the City of Farmington, San Juan County, New Mexico.

9. The second parcel of real property subject to this civil action is located at 1404

and 1404½ Sullivan, Farmington, New Mexico (hereafter "the Sullivan property"). The Sullivan property is more particularly described as follows:

Lots Four (4) and Five (5) in WEBB SUBDIVISION #1 in the City of Farmington, according to the plat thereof filed for record in the Office of San Juan County Clerk on May 3, 1956.

10. The third parcel of real property subject to this civil action is located at 200 South Gower, Farmington, New Mexico (hereafter "the South Gower" property). The South Gower property is more particularly described as follows:

0.87 acres, more or less, in the Northwest Quarter of the Northwest Quarter (NW1/4NW1/4) of Section Seventeen (17), in Township Twenty–Nine (29) North of Range Thirteen (13) West, N.M.P.M., San Juan County, New Mexico, described as follows: BEGINNING at the Southeast corner of Lot Eleven (11), in Block One (1) of the Addition to the West Apache Subdivision, as filed for record March 8, 1955;

| | |
|---|---|
| THENCE | North 7.2 feet; |
| THENCE | East 82.5 feet; |
| THENCE | South 111.0 feet; |
| THENCE | South 7711361 West 284.6 feet; |
| THENCE | North 164.9 feet; |
| THENCE | East 195.5 feet to the point of beginning. |

11. On September 15, 1965, Defendants Raymond and Lila Spence purchased the Mesa property by Warranty Deed, and thereby assumed a mortgage held by Mountain States Investment Corporation on that parcel of property.

12. On November 15, 1976, Defendants Raymond and Lila Spence executed a second mortgage on the Mesa property in favor of the First National Bank of Farmington. The First National Bank mortgage was subject and inferior to the Mountain States Investment Corporation mortgage on the Mesa property.

13. On November 22, 1976, Defendants Raymond and Lila Spence purchased the South Gower property by Warranty Deed. On that same date, the Defendants recorded a mortgage on the South Gower property in favor of Four Corners Savings and Loan Association at the San Juan County Clerk's Office in New Mexico at Bk 776, p. 594.

14. On March 6, 1979, Defendants Raymond and Lila Spence purportedly transferred title to the Mesa and South Gower properties to the Universal Church of Taurus Order of Gower.

15. On March 9, 1979, Defendants Raymond and Lila Spence filed Vows of Poverty with the Clerk of San Juan County.

16. On May 4, 1981, Defendant Raymond Spence, as Administrator and Trustee of the Universal Church Order of Gower, and Defendants Lila and Gary Spence, as Trustees of the Universal Church Order of Gower, recorded a Warranty Deed in the San Juan County Clerk's Office in New Mexico, purportedly transferring title to the South Gower property back to Defendants Raymond and Lila Spence.

17. On September 18, 1981, Defendants Raymond and Lila Spence again transferred title to the South Gower property to the Universal Church of Taurus Order of Gower.

18. On November 9, 1981, Defendants Raymond and Lila Spence satisfied First National Bank's second mortgage on the Mesa property. This satisfaction of mortgage was recorded at Book 923, pg. 319 of the San Juan County Clerk's Office in New Mexico.

19. Defendants Raymond and Lila Spence became indebted to the Internal Revenue Service as of April 15, 1980, 1981 and 1982, respectively, even though the Internal Revenue Service did not assess their taxes at those times.

20. On May 14, 1982, Defendants Raymond and Lila Spence submitted income tax returns to the Internal Revenue Service for the 1979, 1980 and 1981 tax years.

21. On March 9, 1983, Defendants Raymond and Lila Spence purchased the Sullivan property by Warranty Deed, and thereby assumed a mortgage held by Four Corners Savings & Loan Association on that parcel of property.

22. On March 30, 1983, Defendants Raymond and Lila Spence purportedly transferred title to the Sullivan property to the Universal Church of Taurus—Order of Sullivan.

23. On July 24, 1986, Defendants Raymond and Lila Spence were convicted by a jury of their peers of three counts each of income tax evasion in violation of 26 U.S.C. § 7201 for tax years 1979, 1980, and 1981.

24. On January 27, 1987, the Four Corners Savings & Loan assigned its mortgage on the Sullivan property to Standard Federal Savings & Loan Association, which is located at 101 Lakeforest Boulevard, Gaithersburg, Maryland. This mortgage assignment was recorded at the San Juan County Clerk's Office in New Mexico at Book 1069, Page 139.

25. On September 4, 1987, the Tenth Circuit filed an Order and Judgment in which it affirmed Defendants Raymond and Lila Spence's July 24, 1996 convictions for income tax evasion. In its Order and Judgment, the Tenth Circuit determined that:

a. Defendants Raymond and Lila Spence transferred all of their real property and much of their personal property to the Universal Church of Taurus;

b. Defendants Raymond and Lila Spence continued to enjoy the same standard of living that they had before they personally established the Universal Church of Taurus as its only organizers and then transferring substantially all of their assets to the Universal Church of Taurus;

c. Defendants Raymond and Lila Spence established the Universal Church of Taurus to evade taxes;

d. the Universal Church of Taurus is a sham; and

e. Defendants Raymond and Lila Spence filed incomplete, false or fraudulent income tax returns for tax years 1979, 1980 and 1981.

26. On or about March 31, 1988, Defendants Raymond and Lila Spence purportedly conveyed the Mesa, Sullivan and South Gower properties to Defendant Gary Spence by a Special Warranty Deed, and:

a. Defendants Raymond and Lila Spence transferred the properties to their son, Defendant Gary Spence, who is an "insider";

b. Defendants Raymond and Lila Spence have retained possession and control of the properties despite the purported transfers, and Defendants Raymond and Lila Spence have continued to reside on the Mesa property to this day and have not paid Defendant Gary W. Spence any consideration for residing on the Mesa property;

c. Defendants Raymond and Lila Spence receive all or substantially all of the rental income generated by leasing the Sullivan and South Gower properties;

d. Defendants Raymond and Lila Spence transferred the properties to their son, Defendant Gary W. Spence, after they were convicted of criminal tax evasion;

e. Defendants Raymond and Lila Spence received either no or inadequate consideration for the transfers to Defendant Gary W. Spence;

f. Defendants Raymond and Lila Spence were insolvent or became insolvent shortly after transferring the Mesa, Sullivan and South Gower properties to their son, Defendant Gary Spence.

27. On April 7, 1988, Defendants Raymond and Lila Spence, individually and as Trustees of the Universal Church of Taurus, and Defendants Gary and Vicki Spence, as Trustees of the Universal Church of Taurus, recorded a Special Warranty Deed in the San Juan County Clerk's Office in New Mexico at Book 1086, Page 832, purportedly transferring title to the Mesa, Sullivan and South Gower properties to defendant Gary Wayne Spence.

28. Defendant Gary W. Spence continues to retain record title to the Mesa,

Sullivan and South Gower properties in his name, as the nominee for Defendants Raymond and Lila Spence.

29. On June 23, 1988, Defendants Raymond and Lila Spence signed Internal Revenue Service Form 4549–A, entitled "Department of the Treasury—Internal Revenue Service, Income Tax Examination Changes," which listed the Defendants' income tax liabilities for tax years 1979, 1980, and 1981.

30. At the time that Defendants Raymond and Lila Spence signed Form 4549–A, they typed additional language on the form to the effect that they had signed the Form 4549–A under coercion and duress.

31. On July 11, 1988, Defendants Raymond and Lila Spence submitted an income tax return statement entitled "Tax Analysis Schedule" wherein they stated what their income tax liability for the 1979, 1980 and 1981 tax years would be if they were subject to income tax.

32. Beginning on March 20, 1989, Plaintiff made assessments against Defendants Raymond and Lila Spence for unpaid income taxes, statutory interest and additions to tax, for the periods and amounts set forth below. These assessments are evidenced by numerous Certificate of Assessments and Payments for Raymond and Lila Spence for tax years 1979, 1980, and 1981.

| TAXABLE PERIOD ENDING | DATE OF ORIGINAL ASSESSMENT | AMOUNT OF ORIGINAL ASSESSMENT |
| --- | --- | --- |
| 12/31/79 | 03/20/89 | $ 3,524.00(T) |
| | 03/20/89 | 3,612.00(FP) |
| | 03/20/89 | 222.00(ETP) |
| | 03/20/89 | 5,605.04(IT) |
| | 11/12/90 | 10.00(FEE) |
| | 02/07/94 | 11.00(FEE) |
| 12/31/80 | 03/20/89 | $10,919.00(T) |
| | 03/20/89 | 5,460.00(FP) |
| | 03/20/89 | 695.00 |
| | 03/20/89 | $14,940.25(IT) |
| | 02/07/94 | 11.00(F) |
| 12/31/81 | 03/20/89 | $13,913.00(T) |
| | 03/20/89 | 6,957.00(FP) |
| | 03/20/89 | 1,066.00(FTP) |
| | 03/20/89 | 15,526.66(IT) |

(T)—TAX ASSESSED
(I)—INTEREST
(P)—FAILURE TO DEPOSIT AND/OR FAILURE TO PAY PENALTY
(F)—FEES and COLLECTION COSTS

33. Beginning on August 6, 1993, Plaintiff made penalty assessments pursuant to 26 U.S.C. § 6702 against Defendant Raymond Spence for filing frivolous returns for the periods and amounts set forth below:

| TAXABLE PERIOD ENDING | DATE OF ORIGINAL ASSESSMENT | AMOUNT OF ORIGINAL ASSESSMENT |
| --- | --- | --- |
| 12/31/79 | 09/06/93 | $500.00 |
| 12/31/80 | 09/06/93 | $500.00 |
| 12/31/81 | 09/06/93 | $500.00 |
| 12/31/82 | 09/06/93 | $500.00 |
| 12/31/83 | 09/06/93 | $500.00 |
| 12/31/84 | 09/06/93 | $500.00 |
| 12/31/85 | 09/06/93 | $500.00 |
| 12/31/86 | 09/06/93 | $500.00 |
| 12/31/91 | 02/21/94 | $500.00 |

34. The Internal Revenue Service has never issued any statutory notices of deficiency to the Defendants for tax years 1979, 1980 and 1981.

35. Defendants Raymond and Lila Spence have failed to fully pay the income tax assessments described in Paragraph 32.

36. Defendant Raymond Spence has failed to pay the § 6702 penalty assessments described in Paragraph 33.

37. Under 26 U.S.C. §§ 6321 and 6322, federal tax liens arose in favor of the Plaintiff against all property and rights to property, whether real or personal, belonging to Defendants Raymond and Lila Spence when the Internal Revenue Service assessed their taxes on the dates described in Paragraphs 32 and 33.

38. The Mesa, Sullivan and South Gower properties are encumbered with valid tax liens for the Defendants' unpaid tax assessments as described in Paragraphs 32 and 33.

39. On March 30, 1993, the Mountain States Investment Corporation released its mortgage on the Mesa property. This release of mortgage was recorded at Book 1160, Page 885 of the San Juan County Clerk's Office in New Mexico.

40. On October 9, 1990, Plaintiff filed a Notice of Federal Tax Lien with the San Juan County Clerk's Office in New Mexico at Book 1122, Page 522 relating to the assessments made against Defendants Raymond and Lila Spence as set forth in Paragraph 32.

41. On March 18, 1994, Plaintiff filed a Notice of Federal Tax Lien with the San Juan County Clerk's Office in New Mexico at Book 1179, Page 718 relating to the income tax assessments made against the Defendants as set forth in Paragraph 32 in the name of Gary W. Spence "A Nominee For" Raymond and Lila Spence.

42. On April 25, 1994, Plaintiff filed a Notice of Federal Tax Lien with the San Juan County Clerk's Office in New Mexico at Book 1181, Page 791 relating to the income tax assessments made against defendant Raymond Spence as set forth in Paragraph 33.

43. As of April 27, 1998, Defendants Raymond and Lila Spence were indebted to the Plaintiff in the amount of $177,312 for outstanding income tax deficiencies, plus accrued interest and statutory additions, as provided by law, after April 27, 1998. This amount consists of $21,716 due for 1979, $69,734 due for 1980 and $85,862 due for 1981.

44. Also as of April 27, 1998, Defendant Raymond Spence was indebted to Plaintiff in the amount of $4,500 for § 6702 penalties, plus accrued interest, penalties and other additions thereon from the dates of assessments of the penalties as provided by law.

### Conclusions of Law

1. This Court has jurisdiction under 28 U.S.C. §§ 1340 1345 and 26 U.S.C. § 7402(a) because Plaintiff United States of America commenced this civil action pursuant to §§ 7401 and 7403 of the Internal Revenue Code, which is an Act of Congress providing for internal revenue.

2. This Court has independent jurisdiction over the counterclaim and cross-claim of Defendant Gary W. Spence, and the cross-claim of Defendants Raymond and Lila Spence, under 28 U.S.C. §§ 1331 and 1340, 26 U.S.C. § 7431, and Fed.R.Civ.P. 13.

3. Venue is proper under 28 U.S.C. § 1396 because Defendants Raymond and Lila Spence reside, the real properties at issue in this suit are located, and the federal taxes in question were accrued in the District of New Mexico.

4. Plaintiff did not have to name the Universal Church of Taurus as a necessary and indispensable party to this suit because the jury determined at the Defendants' criminal trial that the Church is a sham church, a mere alter ego of Defendants Raymond and Lila Spence.

5. Defendants are estopped from denying that the Universal Church of Taurus is a sham church because the Tenth Circuit, on appeal from the Defendants' criminal trial, concluded that the Defendants did not form the Church for the purpose of conducting religious services, but instead formed it for the sole and exclusive purpose of evading or attempting to evade income tax liabilities.

6. Defendants Raymond and Lila Spence are estopped from denying that they formed the Universal Church of Taurus to evade taxes because at their criminal trial, the trial court properly admitted testimony wherein Defendant Lila Spence told co-workers that she and her husband had formed the Church to avoid paying income tax.

7. Defendants Raymond and Lila Spence are estopped from denying that they filed false or fraudulent income tax returns for tax years 1979, 1980 and 1981 because they were convicted for criminal tax evasion for those years.

8. Plaintiff did not have to comply with 26 U.S.C. § 6501's three-year "assessment" statute of limitations because the Defendants' filed false or fraudulent tax

returns for tax years 1979, 1980 and 1981 with the intent to evade tax.

■ 9. The statute of limitations period did not begin to run on Plaintiff's attempt to collect Defendants Raymond and Lila Spence's assessed taxes on May 14, 1982, the date the Defendants first submitted income tax returns for tax years 1979, 1980 and 1981. Instead, the collection statute of limitations did not begin to run until March 20, 1989, when the Plaintiff first assessed the Defendants' tax deficiencies for tax years 1979, 1980 and 1981.

10. On March 20, 1989, Plaintiff was authorized to assess the tax liability that was shown on a statement entitled "Tax Analysis Schedule" for tax years 1979, 1980, and 1981 without sending any notices of deficiency to the Defendants.

■ 11. The Defendants were not entitled to statutory notices of deficiency because they submitted an income tax return statement entitled "Tax Analysis Schedule" wherein they stated what their income tax liability for the 1979, 1980 and 1981 tax years would be if they were subject to income tax. The Defendants are subject to income tax, so they are liable for taxes listed and described on the Tax Analysis Schedule.

■ 12. Even if the Defendants were entitled to statutory notices of deficiency, they waived that right and thereby permitted the Plaintiff to assess their tax liabilities without sending them statutory notices of deficiency when they signed Internal Revenue Service Form 4549–A on June 23, 1988.

13. Although Defendants Raymond and Lila Spence claim that they signed Form 4549–A under coercion and duress, the evidence and surrounding circumstances indicate that they were not under duress or coerced when they signed the form.

14. Defendants Raymond and Lila Spence acknowledged that they are responsible for the tax liabilities in question when they signed Form 4549–A free of coercion or duress.

■ 15. The New Mexico Uniform Fraudulent Conveyance Act, *N.M. Stat. Ann. §§ 56–10–1 to –13 (1986)*, governs the purported transfers in this case because it was the statute that existed at the time of the purported transfers.

16. However, even if the purported transfers were subject to the currently effective New Mexico Uniform Fraudulent Transfer Act, the outcome of this case would still be the same because the Uniform Fraudulent Transfer Act is essentially a recodification of the Fraudulent Conveyance Act with the term "conveyance" being replaced with the term "transfer" in recognition of the Uniform Fraudulent Transfer Act's applicability to transfers of personal property as well as real property.

17. Plaintiff, as sovereign, is not governed by the State of New Mexico's four-year statute of limitations period, but is instead governed by 26 U.S.C. § 6502's ten-year statute of limitation.

18. Plaintiff attempted to collect the assessed tax deficiencies of Defendants Raymond and Lila Spence for tax years 1979, 1980 and 1981 within the ten-year "collection" statute of limitations period of 26 U.S.C. § 6502 because Plaintiff first assessed these taxes on March 20, 1989 and it filed this civil action on June 23, 1998, less than ten years later.

19. In 1988, at the time the Mesa, Sullivan and South Gower properties were transferred to Defendant Gary Wayne Spence, NMSA § 56–10–4 of the Uniform Fraudulent Conveyance Act provided as follows:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without fair consideration.

20. The Defendants' purported transfers of the Mesa, Sullivan and South Gower properties to the Universal Church of Taurus, and the Church's purported transfers of those same properties to Gary Wayne Spence violate NMSA § 56–10–4 of the Uniform Fraudulent Conveyance Act because:

   a. Defendants Raymond and Lila Spence received no or inadequate consideration for the transfers; and

   b. Defendants Raymond and Lila Spence had taken vows of poverty and were already indebted to the Plaintiff for their unpaid 1979, 1980 and 1981 income taxes, so they were insolvent or were rendered insolvent therefrom.

21. The purported transfers of the Mesa, Sullivan and South Gower properties to the Universal Church of Taurus, and the Church's purported transfers of those same properties to Defendant Gary W. Spence were a *per se* violation of NMSA § 56–10–4 of the New Mexico Uniform Fraudulent Conveyance Act and should be set aside.

22. The Defendants' purported transfers of the Mesa, Sullivan and South Gower properties to the Universal Church of Taurus, and the Church's purported transfers of those same properties to Defendant Gary W. Spence also violate NMSA § 56–10–4 of the Uniform Fraudulent Conveyance Act and should be set aside.

23. In 1988, at the time of the purported transfers, NMSA § 56–10–7 of the Uniform Fraudulent Conveyance Act provided as follows:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay or defraud either present or future creditors, is fraudulent as to both present and future creditors.

24. According to NMSA § 56–10–18B of the Uniform Fraudulent Conveyance Act, this Court may consider the following factors in determining actual intent:

   a. the transfer or obligation was to an insider;

   b. the debtor retained possession or control of the property transferred after the transfer;

   c. the transfer or obligation was disclosed or concealed;

   d. before the transfer was made or obligation was incurred, the debtor has been sued or threatened with suit;

   e. the transfer was of substantially all of the debtor's assets;

   f. the debtor absconded;

   g. the debtor removed or concealed assets;

   h. the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

   i. the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

   j. the transfer occurred shortly before or shortly after a substantial debt was incurred; and

   k. the debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

25. Factors a, b, d, e, h, i and j, as listed in Paragraph 24, weigh against the Defendants. In particular:

   a. Defendants Raymond and Lila Spence transferred title to the Mesa, Sullivan and South Gower properties to their son, Defendants Gary Spence, who is an insider;

   b. Defendants Raymond and Lila Spence have retained possession and control of the properties despite the purported transfers. The Defendants continue to reside on the Mesa property to this day and do not pay Defendant Gary W. Spence any consideration for residing on the Mesa property. The Defendants also receive all or substantially all of the

rental income generated by leasing the Sullivan and South Gower properties;

c. Defendants Raymond and Lila Spence transferred the properties to their son, Defendant Gary W. Spence, after they were convicted of tax evasion, so they knew or should have known that the Plaintiff was likely to initiate legal proceedings against them for the collection of their income tax arrearages, plus penalties and interest for the relevant tax years;

d. Defendants Raymond and Lila Spence received no or inadequate consideration for the transfers;

e. Defendants Raymond and Lila Spence were insolvent or became insolvent shortly after the purported transfers;

f. the purported transfers occurred shortly after the Tenth Circuit upheld the Defendants' convictions for criminal tax evasion, in effect confirming their "debt" to the Plaintiff.

26. Only Factors c and f, as listed in Paragraph 24, weigh in favor of the Defendants. In particular:

a. the purported transfers were not concealed;

b. Defendants Raymond and Lila Spence did not abscond.

27. The purported transfers of the Mesa, Sullivan and South Gower properties to the Universal Church of Taurus, and the Universal Church's purported transfers of those same properties to Defendant Gary W. Spence violate NMSA § 56-10-7 of the New Mexico Uniform Fraudulent Conveyance Act because they were intended to hinder, delay or defraud Plaintiff United States of America of taxes due and the transfers should be set aside.

28. Defendants Raymond and Lila Spence remain the true owners of the Mesa, Sullivan and South Gower properties despite purportedly transferring the properties first to the Universal Church of Taurus and then to their son, Defendant Gary Wayne Spence.

29. Defendants Raymond and Lila Spence's purported transfers of the Mesa, Sullivan and South Gower properties were fraudulent conveyances and of no effect as to the Plaintiff's lien claims, and they should be set aside.

30. Likewise, Defendants Raymond and Lila Spence's purported transfers of the Mesa, Sullivan and South Gower properties were sham transfers and did not operate to transfer ownership of those real properties from them.

31. Plaintiff's federal tax liens should be foreclosed upon the Mesa, Sullivan and South Gower properties which should be ordered sold by the United States Marshal at a judicial sale; and the proceeds of the foreclosure sale should be first applied to the costs of such sale, then to unpaid ad valorem taxes, then to any lien of FirstNationwide Mortgage Corporation in accordance with the previously filed stipulation in this case, and then the balance of the proceeds of the sale should be applied in satisfaction of the tax liens of the Plaintiff.

32. If the balance of the foreclosure sale proceeds distributed to the Plaintiff is insufficient to fully satisfy the tax liabilities of Defendants Raymond and Lila Spence, the Plaintiff will be entitled to a judgment for the deficiency against Defendants Raymond and Lila Spence.

33. Plaintiff United States of America should be awarded its costs and such other relief as is just and proper.

### ORDER

At a non-jury trial held July 19, 1999, Ralph Shilling, Jr., represented Plaintiff United States of America; Ronald Grenko represented Defendants Gary W. Spence and Vicki L. Spence, who were present; and Defendants Raymond N. Spence and Lila M. Spence appeared pro se.

At the time of the non-jury trial, the United States of America's Motion for Summary Judgment (Doc. No. 34) and the

Opposition of Gary & Vicki Spence to United States' Summary Judgment Motion and Cross–Motion for Summary Judgment (Doc. No. 44) were still pending. I took the pending motions for summary judgment under advisement and now, having contemporaneously entered Findings of Fact and Conclusions of Law with this Order, the parties' motions for summary judgment are rendered moot and should be denied.

Also at the non-jury trial, I denied the Opposition of Raymond & Lila Spence to United States' Summary Judgment Motion and Cross–Motion for Dismissal (Doc. No. 39), in which Defendants Raymond and Lila Spence contended that this Court lacks subject matter jurisdiction under 26 U.S.C. § 7401 because Plaintiff failed to prove that the Secretary had authorized this action, and that this Court also lacks subject matter jurisdiction under 26 U.S.C. § 6213(a) because Plaintiff failed to give Defendants Raymond and Lila Spence statutory notices of deficiency before attempting to collect their outstanding tax deficiencies for the 1979, 1980 and 1981 tax years.

Defendants Raymond and Lila Spence's Cross–Motion for Dismissal under 26 U.S.C. § 7401 should be denied because Denise G. Dengler, Assistant United States Attorney, Department of Justice, submitted an unchallenged affidavit and a redacted copy of the letter from the Albuquerque District Counsel to the Department of Justice which directs the Tax Division to take the necessary steps to institute legal proceedings in this case.

Defendants Raymond and Lila Spence's Cross–Motion for Dismissal under 26 U.S.C. § 6213(a) should also be denied because the Plaintiff has submitted uncontroverted evidence that eliminates the "notice" requirement set forth in 26 U.S.C. § 6213(a). Defendants Raymond and Lila Spence were not entitled to statutory notices of deficiency because they submitted an income tax return statement entitled "Tax Analysis Schedule" on July 11, 1998, wherein they stated what their income tax liability for the 1979, 1980 and 1981 tax years would have been if they were subject to income tax. The Defendants are subject to income tax, so they are liable for the taxes listed and described on the Tax Analysis Schedule. However, even if Defendants Raymond and Lila Spence were entitled to statutory notices of deficiency, they waived that right when they signed Internal Revenue Service Form 4549–A on June 23, 1988. Accordingly, Defendants' Cross–Motion for Dismissal under 26 U.S.C. § 6213(a) should be denied.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's "United States of America's Motion for Summary Judgment" (Doc. No. 34) is **DENIED** as moot;

2. Defendants Gary W. and Vicki L. Spence's "Opposition of Gary & Vicki Spence to United States' Summary Judgment Motion and Cross–Motion for Summary Judgment" (Doc. No. 44) is **DENIED** as moot; and

3. Defendants Raymond N. and Lila M. Spence's "Opposition of Raymond & Lila Spence to United States' Summary Judgment Motion and Cross–Motion for Dismissal" (Doc. No. 39) is **DENIED.**